IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Dr. Chipley Bennett, | ) | C.A. No.: 7:23-cv-2574-JD-KFM |
| | ) | |
| Plaintiff, | ) | **ANSWER OF DEFENDANT** |
| | ) | **SPARTANBURG COMMUNITY** |
| v. | ) | **COLLEGE TO PLAINTIFF'S** |
| | ) | **AMENDED COMPLAINT** |
| Spartanburg Community College | ) | |
| | ) | **(JURY TRIAL DEMANDED)** |
| Defendant. | ) | |
| _____ | ) | |

Defendant Spartanburg Community College ("SCC"), answering Plaintiff's Amended Complaint, would respectfully allege and show unto the Court as follows:

**FOR A FIRST DEFENSE**

1.    In response to the allegations contained in paragraph 1 of Plaintiff's Amended Complaint, Defendant SCC admits that Plaintiff was a resident of Spartanburg County during his employment with Defendant. Defendant SCC lacks sufficient information to form a belief concerning the truth of the remaining allegations contained in paragraph 1 and, therefore, denies same.

2.    In response to the allegations contained in paragraph 2 of Plaintiff's Amended Complaint, Defendant SCC admits that it is a state entity that provides educational services and technical training with campuses in Spartanburg, Gaffney, Duncan, and Union, South Carolina. Defendant SCC denies the remaining allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3.    Defendant SCC admits the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4.     In response to the allegations contained in paragraph 4 of Plaintiff's Amended Complaint, Defendant SCC admits that this Court has jurisdiction over this Action and that Plaintiff purports to assert claims under the Family and Medical Leave Act of 1993 ("FMLA"). Defendant SCC denies that Plaintiff is entitled to any relief in this Action.

5.     In response to the allegations contained in paragraph 5 of Plaintiff's Amended Complaint, Defendant SCC admits that venue is proper but denies that Plaintiff is entitled to any relief in this Action.  Defendant SCC denies the remaining allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

6.     Defendant SCC admits the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.     In response to the allegations contained in paragraph 7 of Plaintiff's Amended Complaint, Defendant SCC admits that it employed Plaintiff as a biology professor from approximately August 1999 to May 2023 and that Plaintiff was the Academic Program Director of the Sciences at Defendant's Cherokee County campus when SCC terminated his employment. Defendant SCC denies the remaining allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8.     In response to the allegations contained in paragraph 8 of Plaintiff's Amended Complaint, Defendant SCC admits that Plaintiff served as department chair and served on committees as part of his employment with Defendant.  Defendant SCC lacks sufficient information to form a belief concerning the truth of the remaining allegations contained in paragraph 8 and, therefore, denies same.

9.     Defendant SCC admits the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10.    Defendant SCC lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 10 and, therefore, denies same.

11.    Defendant SCC lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 11 and, therefore, denies same.

12.    In response to the allegations contained in paragraph 12 of Plaintiff's Amended Complaint, Defendant SCC admits that Plaintiff did not teach in-person classes on Fridays and that he gave notice to his supervisor of his absence on Friday, February 24, 2023. Defendant SCC lacks sufficient information to form a belief concerning the truth of the remaining allegations contained in paragraph 12 and, therefore, denies same.

13.    Defendant SCC lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 13 and, therefore, denies same.

14.    Defendant SCC lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 14 and, therefore, denies same.

15.    Defendant SCC lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 15 and, therefore, denies same.

16.    Defendant SCC lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 16 and, therefore, denies same.

17.    Defendant SCC lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 17 and, therefore, denies same.

18.    In response to the allegations contained in paragraph 18 of Plaintiff's Amended Complaint, Plaintiff admits, upon information and belief, that two of Plaintiff's three classes were scheduled to take exams on February 23, 2023. Defendant SCC lacks sufficient information to

form a belief concerning the truth of the remaining allegations contained in paragraph 18 and, therefore, denies same.

19.    Defendant SCC lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 19 and, therefore, denies same.

20.    In response to the allegations contained in paragraph 20 of Plaintiff's Amended Complaint, Defendant SCC admits that Plaintiff called his supervisor, Dr. Akash Garg, after Dr. Garg discovered Plaintiff's absence.  Defendant SCC lacks sufficient information to form a belief concerning the truth of the remaining allegations contained in paragraph 20 and, therefore, denies same.

21.    In response to the allegations contained in paragraph 21 of Plaintiff's Amended Complaint, Defendant SCC admits that Dr. Garg was not aware that Plaintiff was going to be absent on February 23, 2023, and that Dr. Garg talked to Haila Kaylin in front of students in a classroom.  Defendant SCC lacks sufficient information to form a belief concerning the truth of the remaining allegations contained in paragraph 21 and, therefore, denies same.

22.    In response to the allegations contained in paragraph 22 of Plaintiff's Amended Complaint, Defendant SCC admits that on February 23, 2023, Plaintiff called Dr. Garg after Dr. Garg discovered his absence.  Defendant SCC lacks sufficient information to form a belief concerning the truth of the remaining allegations contained in paragraph 22 and, therefore, denies same.

23.    In response to the allegations contained in paragraph 23 of Plaintiff's Amended Complaint, Defendant SCC admits that Plaintiff submitted an FMLA request to cover his absences on February 23 and 24, 2023.  Defendant SCC denies the remaining allegations contained in paragraph 23.

24.     In response to the allegations contained in paragraph 24 of Plaintiff's Amended Complaint, Defendant SCC admits that Plaintiff returned to work on Monday, February 27, 2023. Defendant SCC lacks sufficient information to form a belief concerning the truth of the remaining allegations contained in paragraph 24 and, therefore, denies same.

25.     In response to the allegations contained in paragraph 25 of Plaintiff's Amended Complaint, Defendant SCC admits that on March 7, 2023, it requested that Plaintiff submit documentation for his absences by Match 22, 2023.  Defendant SCC also admits that Plaintiff submitted the requested paperwork and that it approved Plaintiff's FMLA leave.  Defendant SCC denies the remaining allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26.     In response to the allegations contained in paragraph 26 of Plaintiff's Amended Complaint, Defendant SCC admits that Plaintiff had not taken all allowable FMLA leave as of February 23, 2023, and that Plaintiff submitted required materials to Defendant.  Defendant SCC denies the remaining allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27.     In response to the allegations contained in paragraph 27 of Plaintiff's Amended Complaint, Defendant SCC admits that on or about May 12, 2023, it informed Plaintiff in a meeting that his employment with SCC was immediately terminated.  Defendant SCC denies the remaining allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28.     In response to the allegations contained in paragraph 28 of Plaintiff's Amended Complaint, Defendant SCC admits that that it sent Plaintiff a letter dated May 22, 2023, which states that Plaintiff's employment with SCC was terminated.  Defendant SCC denies the remaining allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

29.     In response to the allegations contained in paragraph 29 of Plaintiff's Amended Complaint, Defendant SCC admits that Plaintiff started working for SCC in or about 1999, and

that it terminated Plaintiff's employment after an investigation.  Defendant SCC lacks sufficient information to form a belief concerning the truth of the remaining allegations contained in paragraph 29 and, therefore, denies same.

30.     To the extent that the allegations contained in paragraph 30 require a response, they are denied.

31.     Defendant SCC denies the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

32.     Defendant SCC denies the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33.     Defendant SCC denies the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

34.     Defendant SCC denies the allegations contained in paragraph 34 of Plaintiff's Amended Complaint.

35.     To the extent that the allegations contained in paragraph 35 require a response, they are denied.

36.     Defendant SCC denies the allegations contained in paragraph 36 of Plaintiff's Amended Complaint.

37.     Defendant SCC denies the allegations contained in paragraph 37 of Plaintiff's Amended Complaint.

38.     Defendant SCC denies the allegations contained in paragraph 38 of Plaintiff's Amended Complaint.

39.     Defendant SCC denies the allegations contained in paragraph 39 of Plaintiff's Amended Complaint.

40.     Defendant SCC denies the allegations contained in paragraph 40 of Plaintiff's Amended Complaint.

41.     Except as specifically admitted herein above, Defendant SCC denies each and every allegation contained in Plaintiff's Amended Complaint.

## FOR A SECOND DEFENSE

42.     Defendant SCC incorporates herein the allegations of its first defense that are consistent with this defense.

43.     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and must be dismissed.

## FOR A THIRD DEFENSE

44.     Defendant SCC incorporates herein the allegations of its first defense that are consistent with this defense.

45.     Plaintiff has failed to mitigate his damages, and Defendant pleads failure to mitigate as a defense.

## FOR A FOURTH DEFENSE

46.     Defendant SCC incorporates herein the allegations of its first defense that are consistent with this defense.

47.     Defendant's actions complied with all relevant and applicable laws and were based upon legitimate non-retaliatory, non-pretextual reasons.

## FOR A FIFTH DEFENSE

48.     Defendant SCC incorporates herein the allegations of its first defense that are consistent with this defense.

49.     Plaintiff failed to provide timely notice to Defendant about his need to take FMLA leave before he took leave.

## FOR A SIXTH DEFENSE

50.     Defendant SCC incorporates herein the allegations of its first defense that are consistent with this defense.

51.     Defendant SCC acted in good faith and had reasonable grounds to believe that its actions did not violate the FMLA.

## FOR A SEVENTH DEFENSE

52.     Defendant SCC incorporates herein the allegations of its first defense that are consistent with this defense.

53.     There is no casual connection between any alleged protected activity pursuant to the FMLA and any alleged adverse employment action.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant Spartanburg Community College submits that same should be dismissed with costs and for such further and other relief as this Court shall deem just and proper.

<u>s/Stephanie H. Burton</u>
Stephanie H. Burton (#5009)
GIBBES BURTON, LLC
308 East Saint John Street
Spartanburg, SC 29302
sburton@gibbesburton.com
Telephone: (864) 327-5000
Facsimile: (864) 342-6884

*Attorneys for Defendant Spartanburg Community College*

July 25, 2023

**DEFENDANT SPARTANBURG COMMUNITY COLLEGE DEMANDS A TRIAL BY JURY.**