IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dr. Chipley Bennett,<br><br>           Plaintiff,<br><br>vs.<br><br>Spartanburg Community College,<br><br>           Defendant. | Case No.: 7:23-cv-02574-JD-KFM<br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 18.) Plaintiff Dr. Chipley Bennett ("Plaintiff" or "Dr. Bennett"), proceeding *pro se*, brought this action alleging causes of action for interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654, against defendant Spartanburg Community College ("Defendant" or "SCC"). (DE 11, ¶¶ 30-40.)

On July 25, 2023, Defendant filed the Motion to Dismiss in part (DE 12) arguing that Plaintiff's amended complaint fails to state a claim for FMLA interference. Plaintiff filed a response in opposition on August 8, 2023 (DE 15), and Defendant filed a reply on August 15, 2023 (DE 16).

In his amended complaint, Dr. Bennett alleges that he started working for SCC in August 1999. (DE 11, ¶ 7.) He alleges that in February 2023, he was a tenured biology professor and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Academic Director of the Sciences at SCC's Cherokee County Campus. (Id.) Plaintiff alleges that in February 2023, his father developed health problems that required surgery, and he notified his supervisor that he planned to travel to Florida on Friday, February 24, 2023, to assist his father. (Id. at ¶¶ 11-13.) He contends that on Monday, February 20, 2023, his father's doctors decided to move his father's surgery to Thursday, February 23, 2023. (Id. at ¶ 14.) Plaintiff alleges that when an arrangement with another family member to take his father to surgery fell through, he determined that he would have to leave on the evening of Wednesday, February 22, 2023, to drive to Florida overnight to take his father to surgery the next day. (Id. at ¶¶ 15-16.) Plaintiff alleges that after he finished teaching his classes on February 22nd, he went to the office of his supervisor to inform her he would need to leave that evening for Florida, but his supervisor had already left campus for the day. (Id. at ¶ 17.) Plaintiff alleges that he contacted an SCC employee who performed tutoring services in the Science Department and arranged to have her available for his classes on February 23. (Id. at ¶ 18.)

SCC preliminarily approved Plaintiff's FMLA leave requests for his February 23 and 24 absences. (DE 11, ¶ 23.) Plaintiff returned to campus on Monday, February 27, 2023, and resumed his full-time teaching duties. (Id. at ¶ 24.) Plaintiff alleges that on March 7, 2023, SCC requested documentation to support his absences on February 23 and 24 and gave him a deadline of fifteen days. (Id. at ¶ 25.) He claims that two days later, he submitted all the relevant paperwork, including FMLA forms and confirmation from his father's doctor, and SCC never indicated that the submitted materials were deficient in any way. (Id.)

Plaintiff alleges that he was summoned to a Teams meeting with various SCC leaders and a human resources representative on May 12, 2023, and he was informed on that call that he was terminated from employment effective immediately. (Id. at ¶ 27.) He further claims that SCC

2

refused to disclose a reason for his termination. (Id.) However, Plaintiff alleges that in a follow-up letter, SCC asserted that he took "unauthorized leave[;]" the use of a tutor to teach his classes violated the standards of SCC's accrediting body, the Southern Association of Colleges and Schools Commission on Colleges; and he was terminated from employment for "conduct unbecoming a state employee." (Id. at ¶ 28.)

The Report was issued on October 24, 2023, recommending Defendant's Motion to Dismiss Plaintiff's FMLA interference cause of action be dismissed. (DE 18.) No objections to the Report have been filed. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds no clear error on the face of the record, and the Court adopts the Report (DE 18) and incorporates it here.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss Plaintiff's FMLA interference cause of action is denied.

**IT IS SO ORDERED**.

                                               s/ Joseph Dawson, III
                                               Joseph Dawson, III
                                               United States District Judge

Florence, South Carolina
December 11, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.