IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Dr. Chipley Bennett, | Case No. 7:23-cv-02574-JDA |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Spartanburg Community College, | |
| Defendant. | |

This matter is before the Court on Defendant's motion for summary judgment. [Doc. 43.] Plaintiff brought this action against his former employer, alleging causes of action for interference and retaliation under the Family and Medical Leave Act (the "FMLA"). [Doc. 11.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On April 17, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's motion for summary judgment be granted in part and denied in part. [Doc. 49.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 18.] Both parties filed objections to the Report on May 1, 2025, and Plaintiff filed a reply to Defendant's objections on May 15, 2025. [Docs. 50; 51; 53.] For the reasons discussed below, the Court denies Defendant's motion for summary judgment.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**DISCUSSION**

Upon review of the parties' briefing, the record, and the Report, the Court accepts the Background, Facts Presented, and Summary Judgment Standard sections as thoroughly set forth in the Report. [Doc. 49 at 1–7.] The Court will begin by addressing Plaintiff's FMLA retaliation claim and then turn to the FMLA interference claim.

**FMLA Retaliation Claim**

The Magistrate Judge recommends denying Defendant's motion for summary judgment regarding Plaintiff's FMLA retaliation claim because genuine issues of material fact exist regarding whether Defendant's stated reasons for terminating Plaintiff—that

Plaintiff violated Defendant's leave policy and that Plaintiff's use of a tutor to lead his class breached accreditation rules—are a pretext for retaliation. [*Id.* at 10–16.] Defendant objects to this recommendation, arguing that there is insufficient evidence to create a genuine dispute of material fact concerning pretext. [Doc. 50.] After conducting a careful review of the Report, Defendant's objections, Plaintiff's reply, the record, and the relevant law, the Court agrees with the Magistrate Judge that genuine disputes of material fact exist as to whether Defendant terminated Plaintiff in retaliation for his exercising his rights under the FMLA. Accordingly, Defendant's motion for summary judgment is denied as to Plaintiff's FMLA retaliation claim.

**FMLA Interference Claim**

The Magistrate Judge recommends granting Defendant's motion for summary judgment regarding Plaintiff's FMLA interference claim because Plaintiff has failed to present evidence that he suffered any prejudice from taking FMLA leave. [Doc. 49 at 7–10.] More specifically, the Magistrate Judge concluded that the record establishes that Defendant approved Plaintiff's FMLA leave retroactively and that Plaintiff received his salary for the two days he requested FMLA leave. [*Id.* at 10.] Therefore, the Magistrate Judge determined that the only prejudice Plaintiff suffered because of his leave was his termination almost three months later, which is "more appropriately analyzed under the retaliation prong of the FMLA." [*Id.*] Plaintiff objects to this conclusion, arguing that the fact that Defendant's rejection of Plaintiff's request for FMLA leave occurred after Defendant had initially granted his request and after Plaintiff had taken the requested time off "cannot serve to wipe out the interference claim." [Doc. 51 at 6.] The Court agrees with Plaintiff.

As the Magistrate Judge explained [Doc. 49 at 8], "to make out an FMLA interference claim, an employee must demonstrate (1) that he is entitled to an FMLA benefit; (2) that his employer interfered with the provision of that benefit; and (3) that the interference caused him harm."  *Adkins v. CSX Transp., Inc.*, 70 F.4th 785, 796 (4th Cir. 2023).  "Interfering with the exercise of an employee's rights" includes "refusing to authorize FMLA leave."  29 C.F.R. § 825.220(b).

Here, Plaintiff took two days of leave—February 23 and 24, 2023—to travel to Florida to take his 93-year-old father to emergency surgery that was scheduled for the morning of February 23.  [Docs. 43-45; 43-47.]  After Plaintiff submitted the required paperwork, Defendant's engagement and benefits manager retroactively designated his leave as FMLA leave.  [Docs. 43-43 ¶¶ 2–7; 45-8 at 2 (9:17–19).]  However, Defendant later deemed that same leave to be unauthorized and terminated Plaintiff in part for "taking unauthorized leave without prior approval."  [Doc. 43-12 at 2.]

The Court concludes that under these circumstances, it is immaterial that the decision to classify Plaintiff's leave as unauthorized occurred a few months after he took the leave and after Defendant originally approved the leave.  If Defendant had initially denied Plaintiff's FMLA leave request after Plaintiff submitted the required paperwork, Plaintiff would have a viable claim that Defendant denied his attempt to exercise a right guaranteed to him by the FMLA.  *See* 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for an employer to . . . deny the exercise of . . . any right provided under this subchapter."); 29 U.S.C. § 2612(a)(1)(C) ("[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . to care for the . . . parent[] of the employee [who] has a serious health condition."); *see also* 29 C.F.R. § 825.220(b) ("Interfering with the

exercise of an employee's rights would include, for example, . . . refusing to authorize FMLA leave . . . ."). That the absences were classified as unauthorized only after they were initially retroactively approved does not change the nature of the alleged FMLA interference. *See Ruble v. Am. River Transp. Co.*, 799 F. Supp. 2d 1017, 1018–20, 1022, 1026 (E.D. Mo. 2011) (concluding that the plaintiff, an employee on a live-on vessel who requested FMLA leave but left the vessel before his leave was authorized, brought a valid FMLA interference claim because his "unauthorized absence from the vessel [was] not independent from his alleged FMLA leave request or from defendant's alleged interference with plaintiff's FMLA rights" where the plaintiff argued "that he should have been granted FMLA leave and thus, his absence would not have been treated as unauthorized").

The FMLA interference Plaintiff alleges is that Defendant incorrectly deemed his leave to be unauthorized. The Court agrees this allegation forms the basis of an interference claim. And the alleged harm to Plaintiff is that he was terminated for taking unauthorized leave. Although Defendant argues that "[b]oth the United States Court of Appeals for the Fourth Circuit and this Court have recognized that for interference to cause harm or prejudice, the harm or prejudice must occur before the employee takes FMLA leave" [Doc. 43-1 at 15], the cases Defendant relies on to support this proposition [*see id.* at 15–17] all involve situations where the employee was undeniably *granted* FMLA leave.[1] Here, on the other hand, even though Defendant initially designated Plaintiff's leave as FMLA leave, it apparently then reversed course, deemed the leave to

---

[1] Additionally, none of these cases stand for the blanket proposition that the harm from FMLA interference must occur before an employee takes FMLA leave.

5

be unauthorized, and terminated Plaintiff for taking unauthorized leave. On the record before the Court, a reasonable juror could determine that Plaintiff was denied FMLA leave to which he was entitled and that he was harmed by the denial of that FMLA leave when he was terminated for taking unauthorized leave.[2]

## CONCLUSION

Wherefore, based on the above, the Court accepts in part and rejects in part the Report and Recommendation of the Magistrate Judge. Accordingly, Defendant's motion for summary judgment [Doc. 43] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 17, 2025
Greenville, South Carolina

---

[2] Defendant's only argument for summary judgment on the FMLA interference claim is that because Plaintiff was granted leave, he cannot establish interference with an FMLA benefit or any resulting prejudice. [Docs. 43-1 at 14–18; 46 at 1–2.] Defendant has not argued that Plaintiff was not entitled to FMLA leave. [*See generally* Docs. 43-1; 46.]

6